IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CHRISTOPHER BRIGGS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV05-85-S-BLW |
| | ) | |
| vs. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| DEPUTY KELLY DONAHUE, | ) | |
| SGT. BILL STANKO, LT. | ) | |
| PATRICK SCHNEIDER, and | ) | |
| PATTI POWELL, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court is the review of Plaintiff's Prisoner Civil Rights Complaint to determine whether its allegations are subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2). Plaintiff also filed a Motion to Proceed *in Forma Pauperis* (Docket No. 1) and a Motion for Appointment of Counsel (Docket No. 2).

Having carefully reviewed the record, the Court has determined that the Complaint adequately states cognizable constitutional claims. Accordingly, Plaintiff will be authorized to proceed with the claims as outlined below.

## BACKGROUND

**ORDER 1**

Plaintiff is currently incarcerated in the Ada County Jail.  He is suing the Ada County Sheriff's Office, Deputy Raquel Durrant, Deputy Kelly Donahue, Sgt. Bill Stanko, Lt. Patrick Schneider, and Legal Advisor Patti Powell.  Plaintiff alleges that the Ada County Sheriff's Office (Ada County) has a policy of limiting the number of envelopes, paper, and photocopies for inmates to ten per week.  He further claims that Ada County fails to provide adequate forms and instruction regarding adequacy of legal claims.

Plaintiff also alleges that Defendant Durrant refused to provide a certified trust account statement for Plaintiff's use in a fee waiver motion.  He claims that Defendant Durrant caused a delay in filing his response to a child support complaint.

Plaintiff generally alleges that Defendants Stanko, Schneider, and Donahue knew about the access to courts policy for Ada County and refused to change the policy to conform to *Lewis v. Casey*.  He further claims that Defendants Donahue and Stanko violated his rights to attorney-client privilege when they gave his notes, records, and correspondence to Patti Powell.  He alleges that Defendant Powell photocopied and analyzed his private legal papers.  He claims that this alleged violation compromised the defense in his criminal trial.

Finally, Plaintiff asserts that Defendants' actions were taken in retaliation for

**ORDER  2**

past legal claims he has brought against employees of Ada County Jail.  He

requests compensatory damages and injunctive relief.

## REVIEW OF COMPLAINT

The Court is required to review prisoner complaints, and it must dismiss a

complaint or any portion thereof which states a claim that is frivolous or malicious,

that fails to state a claim upon which relief can be granted, or that seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C.

§ 1915(e)(2)(B).

To state a claim under § 1983, a plaintiff must allege four elements: "(1) a

violation of rights protected by the Constitution or created by federal statute (2)

proximately caused (3) by conduct of a 'person' (4) acting under color of state

law."  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

### Access to Courts Claim

An inmate has a constitutional right to access the courts, *Bounds v. Smith*,

430 U.S. 817, 817, 821, 828 (1977), and may recover for denial of that right in a

civil rights lawsuit if he can demonstrate that an actual injury occurred as a result

of the alleged denial.  *Lewis v. Casey*, 518 U.S. 343, 553 (1996).  However, the

right described in *Lewis v. Casey* covers only a limited type of cases:  direct

appeals from convictions for which the inmate is incarcerated, habeas petitions,

**ORDER  3**

and civil rights actions regarding prison conditions.  *Id*., 518 U.S. at 354.

"Impairment of any other litigating capacity is simply one of the incidental (and

perfectly constitutional) consequences of conviction and incarceration."  Id., 518

U.S. at 355.

Plaintiff alleges that he was unable to file a timely response to a family law

child support matter, but this type of case is not covered under *Lewis v. Casey*.

Therefore, Plaintiff has failed to state a First Amendment claim upon which relief

can be granted.  It appears that the Ada County Sheriff's Office and Officer

Durrant are the Defendants linked to this claim, and they will be dismissed from

the lawsuit.

### Interference with Attorney-Client Privilege

"Federal common law recognizes a privilege for communications between

client and attorney for the purpose of obtaining legal advice, provided such

communications were intended to be confidential."  *Gomez v. Vernon*, 255 F.3d

1118, 1131 (9th Cir. 2001).  Inmate litigants' rights pertaining to privileged

correspondence are retained during their incarceration.  *Id*. at 1133 (citing *Pell v.*

*Procunier*, 417 U.S. 817, 822 (1974)).

Plaintiff has alleged that Defendants confiscated his legal mail, case notes,

and records pertaining to his pending criminal charges.  He claims that these were

**ORDER  4**

used against him in his criminal trial.  These facts adequately allege a violation of the attorney-client privilege and may have interfered with his pending criminal case.  Accordingly, Plaintiff will be allowed to proceed with this claim against the remaining Defendants.

### Retaliation Claim

Finally, Plaintiff has alleged a retaliation claim.  A retaliation claim must allege the following: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  A "chilling effect on First Amendment rights" is enough to state an injury.  *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001).  Plaintiff's allegations appear to adequately state a cognizable retaliation claim, and he will be allowed to proceed with it against the remaining Defendants.

### PENDING MOTIONS

Plaintiff also requested *in forma pauperis* filing status for his lawsuit.  It appears that good cause exists to grant the request.  Accordingly, the Clerk of Court will forward a filing fee order to the Ada County Jail.

**ORDER  5**

Plaintiff also requested appointment of counsel.  Plaintiff is advised that unlike his criminal case, he has no constitutional right to appointed counsel for a civil rights case.  *See Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25, 101 S. Ct. 2153, 2158 (1981).  Whether a court appoints counsel for indigent litigants is within the court's discretion.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986).  In civil cases, counsel should be appointed only in "extraordinary cases."  *Id*. at 1330.  To determine whether extraordinary circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  Neither factor is dispositive, and both must be evaluated together.  *Id*.

Plaintiff should also be aware that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d).  *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989).  Rather, when a Court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment.  *Id.*  Therefore, it is often difficult to find attorneys willing to work on a case without payment, especially in prisoner cases, where contact with the client is difficult.

Based on the foregoing, the Court will deny Plaintiff's request for

**ORDER  6**

appointment of counsel at this time.  It is difficult to determine whether there is a likelihood of success on the merits of Plaintiff's claims at this early stage of the proceeding.  Therefore, the Court will revisit the issue of appointed counsel once Defendants have had an opportunity to respond to the lawsuit.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants Kelly Donahue, Bill Stanko, Patrick Schneider, and Patti Powell shall be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty (30) days.  If Defendants choose to waive service, the answer or pre-answer motion shall be due in accordance with Rule 12(a)(1)(B). Accordingly, the Clerk of Court shall forward a copy of the Complaint (Docket No.  3-1), a copy of this Order, and a Waiver of Service of Summons to Patti Powell, Legal Advisor, Ada County, 7200 W. Barrister Drive, Boise, ID 83704.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Proceed *in Forma Pauperis* (Docket No. 1) is GRANTED.

**ORDER  7**

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for

Appointment of Counsel (Docket No. 2) is DENIED.

DATED:  **July 26, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER  8**